UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY DEAN WEATHERMAN,

                Petitioner,

    v.

SCOTT SPEER,

                Respondent.

Case No. C24-6037-TMC-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Larry Dean Weatherman is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks to challenge herein the judgment and sentence entered in Clark County Superior Court case number 13-1-00014-8 in 2014. Dkt. 7. That judgment is the basis of his current custody. Respondent filed an answer to Petitioner's petition together with relevant portions of the state court record (Dkts. 10, 11), and Petitioner filed a response to Respondent's answer (Dkt. 12). Respondent argues in his answer that this Court lacks jurisdiction over the instant petition because it is successive under 28 U.S.C. § 2244(b), and the Ninth Circuit has not authorized the filing of a successive petition. *See* Dkt. 10.

REPORT AND RECOMMENDATION
PAGE - 1

This Court, having reviewed Petitioner's petition, Respondent's answer, and the balance of the record, concludes that it lacks jurisdiction over the petition because it is successive under § 2244(b). The Court therefore recommends the petition be dismissed.

## II. BACKGROUND

On April 24, 2014, Petitioner was convicted in Clark County Superior Court on six counts of incest in the first degree. Dkt. 11, Ex. 1 at 1-2. He was subsequently sentenced to terms of 100 months confinement on each of the six counts of conviction and, based on aggravating factors found by the jury, the sentencing court imposed an exceptional sentence with the sentences on three of the counts ordered to run consecutively and three ordered to run concurrently, for a total term of 300 months confinement. *Id.*, Ex. 1 at 4-5. Petitioner appealed his convictions and sentence to the Washington Court of Appeals, and the Court of Appeals affirmed the judgment and sentence on October 27, 2015. *Id.*, Ex. 2. Petitioner thereafter sought discretionary review in the Washington Supreme Court and his petition for review was denied without comment on March 30, 2016. *Id.*, Ex. 3. The Court of Appeals issued a mandate terminating direct review on April 6, 2016. *Id.*, Ex. 4.

On October 27, 2016, Petitioner filed a personal restraint petition in the Washington Court of Appeals, and the Court of Appeals dismissed the petition as frivolous on June 12, 2017. Dkt. 11, Exs. 5, 6. Petitioner thereafter filed a motion for discretionary review in the Washington Supreme Court, and the Supreme Court Commissioner denied the motion on October 19, 2017. *See id.*, Ex. 7. Petitioner moved to modify the Commissioner's ruling and that motion was denied as well. *See id.*, Ex. 8. The Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceeding on January 9, 2018. *Id.*, Ex. 9.

REPORT AND RECOMMENDATION
PAGE - 2

On November 4, 2020, Petitioner filed a federal habeas petition challenging his 2014 Clark County Superior Court judgment and sentence. *See Weatherman v. Haynes*, Case No. 3:20-cv-6087-JLR, Dkt. 1. That action was dismissed with prejudice on June 9, 2021, on the grounds that Petitioner's federal habeas petition was time-barred under 28 U.S.C. § 2244(d). *See id.*, Dkts. 16, 19. On January 14, 2022, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability, thus concluding that action. *See id.*, Dkt. 23.

On July 26, 2021, after his first federal habeas petition was dismissed, Petitioner filed a motion for post-conviction relief in the Clark County Superior Court. Dkt. 11, Ex. 10. The motion was transferred to the Washington Court of Appeals for consideration as a personal restraint petition, and the Court of Appeals dismissed the petition as time barred on April 6, 2023. *Id.*, Exs. 11, 15. Petitioner then filed a motion for discretionary review in the Washington Supreme Court, and the Deputy Commissioner of the Supreme Court denied the motion on June 5, 2023. *Id.*, Exs. 16, 17. Petitioner moved to modify the Deputy Commissioner's ruling and that motion was denied as well. *See id.*, Ex 18. The Washington Court of Appeals issued a certificate of finality in Petitioner's second personal restraint proceeding on September 26, 2023. *Id.*, Ex. 19.

On November 1, 2023, Petitioner filed another personal restraint petition in the Washington Court of Appeals, and the Court of Appeals dismissed the petition as untimely on May 15, 2024. Dkt. 11, Exs. 20, 23. Petitioner again moved for discretionary review in the Washington Supreme Court, and the Deputy Commissioner of the Supreme Court denied the motion on August 6, 2024. *Id.*, Exs. 24, 25. Petitioner moved to modify the Deputy Commissioner's ruling and that motion was denied as well. *See id.*, Ex. 26. The Court of Appeals issued a certificate of finality in that proceeding on June 17, 2024, the same date

REPORT AND RECOMMENDATION
PAGE - 3

Petitioner filed his motion for discretionary review in the Supreme Court. *See id.*, Exs. 24, 27. The record does not explain this seeming anomaly, but it does not impact the resolution of this action.

### III. DISCUSSION

Respondent argues that Petitioner's federal habeas petition, his second such petition, must be dismissed for lack of jurisdiction. Dkt. 10 at 7-8. Respondent is correct. By statute, this Court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b); Circuit Rule 22-3. Section 2244(b)(3)(A) provides that *before* a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines that the applicant has made a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C).

It is clear from this Court's records that Petitioner filed a previous federal habeas petition challenging the same Clark County Superior Court judgment and sentence as is at issue here, and the petition was dismissed as time-barred under the federal statute of limitations. The instant petition is therefore a second or successive one, and this Court is without jurisdiction to consider it until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as untimely constitutes a disposition on the merits and renders a subsequent petition

challenging the same conviction or sentence "second or successive" for purposes of § 2244(b)). Petitioner makes no showing that the Ninth Circuit has authorized the filing of the instant petition and, thus, this Court lacks jurisdiction to consider it.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes Petitioner is not entitled to a certificate of appealability in this matter.

## V.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (Dkt. 7) and this action be dismissed under 28 U.S.C. § 2244(a) for lack of jurisdiction, and that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 28, 2025**.

DATED this 7th day of April, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge